DAVID OPPENHEIM, Appellant, v. YVETTE OPPENHEIM, Respondent.— In an action to annul a marriage, judgment dismissing the complaint on the merits and order denying motion for a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Johnston, JJ.

MARGARET PRESKY, Appellant, v. WILLIAM PRESKY, Respondent.— In an action for a separation, judgment in so far as it dismisses the plaintiff's complaint on the merits and order denying her motion to compel defendant to defray the expenses of the appeal and to pay counsel fee for its prosecution unanimously affirmed, without costs. No opinion. Present — Young, Hagarty, Davis and Johnston, JJ.; Lazansky, P. J., not voting.

JACK PULICHENE, Respondent, v. FRANK NIGHTINGALE, ROSE MARIE STODDARD, Defendants, and PAUL PULICHENE, Appellant. (Action No. 1.) JACK PULICHENE, Respondent, v. FRANK NIGHTINGALE, ROSE MARIE STODDARD, Defendants, and PAUL PULICHENE, Appellant. (Action No. 2.) MARY PULICHENE, Respondent, v. FRANK NIGHTINGALE, ROSE MARIE STODDARD, Defendants, and PAUL PULICHENE, Appellant. (Action No. 3.) — Three actions for damages arising out of an automobile collision. By stipulation they were consolidated and tried together. Appeal by defendant Paul Pulichene from the judgment and also from the order denying his motion for a new trial. Judgment and order of the County Court of Dutchess county unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Davis and Johnston, JJ.; Lazansky, P. J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENT STORES, INC., Appellant.— Judgment by a city magistrate, sitting as a Court of Special Sessions, convicting the defendant as a second offender of violating section 174 of the Labor Law and fining it $100 unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Johnston, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAM MARINO, Appellant.— Judgment of the County Court of Nassau county, convicting defendant of the crime of criminally withholding or concealing stolen property, reversed on the law and a new trial ordered. The evidence of the receipt by the defendant of stolen cars other than the one mentioned in the indictment, without its being proved that they were stolen by the same thief who stole the car mentioned in the indictment, was prejudicial error. (*People* v. *Doty*, 175 N. Y. 164.) The second sentence in section 1308 of the Penal Law did not justify the receipt of such evidence. On the issue of whether or not the defendant was a dealer it would have been permissible to establish that he had bought or sold other cars, without establishing that these other cars were stolen, if there was no proof that they were stolen by the same thief who had to do with the car mentioned in the indictment. Such proof would entitle the People to the benefit of the presumption contained in the cited sentence of section 1308. But this, of course, does not and would not affect the rule respecting proof of other stolen cars or property set out in *People* v. *Doty* (*supra*). Lazansky, P. J., Young, Hagarty, Carswell and Johnston, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of JULIA RENTZ, Respondent, v. GEORGE RUBILLO, Appellant.— Order of filiation of the Children's Court of Westchester county unanimously affirmed. No opinion. Present — Young, Hagarty, Davis and Johnston, JJ.; Lazansky, P. J., not voting.